76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Ronald WALTERS, Petitioner-Appellant,
v.
Jack McCORMICK, Respondent-Appellee.
 No. 94-35684.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 18, 1995.
Decided Jan. 24, 1996.
 
 Before: FARRIS, NOONAN, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Ronald Walters appeals the denial by the district court of his petition for habeas corpus. The petition challenges his conviction of sexual assault and sexual intercourse without consent in violation of Montana Code Ann. §§ 44-5-502 and 503. The facts of the case are set out in State v. Walters, 506 P.2d 497 (Mont.1991).
 
 
 3
 Walters' challenges are two: (1) that the four-year old victim, K.C., was incompetent to be a witness so that permitting her to testify violated his right to due process and to confront the witnesses against him in violation of the Sixth and Fourteenth Amendments to the United States Constitution; and (2) that the trial judge excluded evidence that was his sole means of defense in violation of his right to due process under the Fourteenth Amendment. Each argument has plausibility, a plausibility enhanced by Walters' persistence in his claim of innocence of the crimes--a persistence that appears to exclude him from participating in a state program for the treatment of sexual offenders and so extends his sentence far beyond what the sentencing judge had in mind when he said that after completing this treatment Walters would be eligible for parole in two years. Despite the force of the arguments advanced for Walters, we affirm the judgment of the district court.
 
 
 4
 The state, to begin with, contends that Walters has not exhausted his state remedies. The federal magistrate agreed, but the district court on de novo review concluded that he had. Rather than plunge the case into what could be procedural maze with Walter buffeted from federal to state to federal court, we think it no prejudice to the state to proceed directly to the merits when our judgment on the merits is for the state; the equitable discretion governing habeas proceedings authorizes the short-cut. See McClesky v. Zant, 499 U.S. 467, 490 (1991).
 
 
 5
 The competency of K.C. to testify was conscientiously considered by the trial judge in an evidentiary hearing he devoted to this question. It was apparent to him that K.C. gave a number of inconsistent answers and was at times unreliable. At other times she appeared to know what truth is and to be aware of the consequences of speaking it or not speaking it. In reaching his determination of competency, the judge leaned fairly heavily on the testimony of Janet Hossack, a licensed counsellor in psychology who had interviewed K.C. Hossack was candid in pointing to the deficiencies in K.C.'s truth-telling abilities, noting that she did entertain fantasies such as there being monsters in her bed and speak of them as fact; nonetheless, Hossack was of the opinion that K.C. could perceive accurately what was done to her and could relate it truthfully. It was a judgment call for the trial judge whether K.C. was simply unable to comprehend what her obligation to the truth was in court. Whether or not we would have come to a different conclusion, we do not find constitutional error in his decision to let the jury hear her in her own person.
 
 
 6
 As a result of his decision, the jury heard K.C. testify on videotape and she was subjected to cross-examination. This is not a case where only a child's hearsay was before the jury. Cf. Webb v. Lewis, 44 F.2d 1387 (9th Cir.1994). The jury had the opportunity to listen to her evasions and contradictions and to determine for itself her credibility.
 
 
 7
 Hearsay from K.C. was also admitted without objection: her statement, testified to by three adult witnesses, accusing Walters of the sexual contacts. The statement was made soon after the contacts occurred and, as the Montana Supreme Court noted, was admissible under "the excited utterance" exception to the hearsay rule. State v. Walters, 806 P.2d at 503. Her hearsay, if believed by the jury as it obviously was, was powerful evidence that Walters had in fact committed the crimes.
 
 
 8
 Walters' "sole defense," as counsel now puts it, (although the main defense was forthright denial of guilt) was that K.C.'s maternal grandfather had perpetrated similar acts upon her and that she was recalling them in a dream when she rushed out into the hall and, instead, accused Walters. This theory was not spun entirely out of thin air. Walters offered to show that K.C. had often been with this maternal grandfather and, further, that K.C.'s mother had actually charged this man, her own father, with raping her as a child--a charge she later withdrew.
 
 
 9
 The trial judge rather peremptorily ruled out this defense on the ground that it was irrelevant and prejudicial rather than probative. It is not clear what the judge meant by prejudicial: testimony about the mother's charge against her father might have been properly used by the defense to bear on the credibility of K.C.'s mother, a key prosecution witness. However the defense did not offer it for that purpose but to suggest the possibility that what the maternal grandfather had once allegedly done to his daughter he had later done to his grandchild. That was going far afield when no proof was proffered by the defense that such acts had actually been done to either mother or to K.C. by this grandfather and no proof was proffered of very recent contact between him and K.C. We cannot say that the trial judge's exercise of discretion in excluding this evidence amounted to denial of Walters' constitutional right to a fair trial.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3